IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00802-BNB

KEITH D. COURVILLE,

Applicant,

v.

WARDEN MICHAEL HEREDIG, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Keith D. Courville, is a prisoner in the custody of the Colorado Department of Corrections (DOC). He currently is incarcerated at a prison in New Mexico. Mr. Courville has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the execution of his Colorado sentence. On May 5, 2010, Magistrate Judge Boyd N. Boland ordered the Attorney General of the State of Colorado to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if the Attorney General of the State of Colorado intends to raise either or both of those defenses in this action. On May 19, 2010, the Attorney General of the State of Colorado filed a Preliminary Response arguing that this action should be dismissed both as untimely and because Mr. Courville's claim is unexhausted and procedurally barred. Although he was given an opportunity to file a reply to the Preliminary Response, Mr. Courville has not done so.

The Court must construe the application liberally because Mr. Courville is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

As noted above, Mr. Courville is challenging the execution of his Colorado sentence. He specifically contends that he has completed his Colorado sentence, as well as a Florida state sentence, but that Colorado prison officials have not sent him back to Florida where he alleges he will be given his property and released from custody. According to Respondents, Mr. Courville was convicted in 1984 on one count of first degree murder pursuant to a guilty plea in Larimer County District Court case number 83CR82. Mr. Courville was sentenced to life in prison and, pursuant to a plea agreement, the Colorado life sentence would be served concurrently with a sixty-year sentence previously imposed in Florida, and Mr. Courville would not be returned to Florida to serve the remainder of his Florida sentence until he completed his Colorado life sentence. Mr. Courville later was convicted of escape in Fremont County District Court case number 86CR192 and he was sentenced to a consecutive term of eight years in prison in the Fremont County case.

Pursuant to § 17-22.5-104(2)(b), Mr. Courville was eligible for parole on his Colorado life sentence after twenty years. Colorado DOC records indicate that Mr. Courville became eligible for parole on his Colorado sentences on December 11, 2006, and that his next parole hearing is scheduled for September 2011. (*See* Prelim. Resp.

2

at Ex. C, p.2.) On January 24, 2006, Mr. Courville was transferred to a Florida prison. (*See id.*) According to the Attorney General of the State of Colorado, Mr. Courville's 2006 transfer to Florida was made pursuant to an interstate compact special custody transfer for his protection. Mr. Courville subsequently was returned to Colorado and, as noted above, he currently is incarcerated in a prison in New Mexico.

Based on documents provided with the Preliminary Response, it appears that Mr. Courville has filed two motions in the Larimer County District Court relevant to his claim that he has completed his Colorado sentence and that he should be released from custody. On April 15, 2008, Mr. Courville filed a "Request for Enforcement of Plea Agreement" in which he argued that Colorado effectively had terminated his sentence and released him from custody when he was transferred to Florida in 2006. (*See* Prelim. Resp. at Ex. B, pp.2-3.) On September 18, 2008, the Larimer County District Court entered an order finding that the plea agreement has been followed and denying Mr. Courville's pending motions. (*See id.* at Ex. B, p.11.) Mr. Courville did not appeal.

On February 19, 2010, Mr. Courville filed a "Motion to Correct an Illegal Sentence Pursuant to C.R.Crim.P 35(A)" seeking his immediate release in which he again argued that, in accordance with his plea agreement, his Colorado life sentence terminated when he was transferred to Florida. (*See* Prelim. Resp. at Ex. D, pp.2-3.) On March 26, 2010, the Larimer County District Court denied Mr. Courville's motion to correct illegal sentence. (*See id.* at Ex. D, p.13.) Mr. Courville did not appeal.

The instant action was commenced on April 8, 2010, when Mr. Courville submitted a letter to the Court and the application for a writ of habeas corpus was filed

on April 27, 2010. Mr. Courville asserts one claim that he is entitled to immediate release because his Colorado sentence terminated in accordance with his plea agreement when he was transferred to Florida in 2006. Construing the application liberally, the Court construes this claim as a constitutional due process claim.

The Attorney General of the State of Colorado first argues in the Preliminary Response that this action should be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court notes initially that § 2244(d) applies to § 2241 actions challenging the execution of a state sentence. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to determine whether this action is timely, the Court first must determine when the one-year limitation period began to run. Pursuant to § 2244(d)(1)(A), the one-year limitation period generally begins to run on the date the judgment of conviction becomes final. However, pursuant to § 2244(d)(1)(D), the one-year limitation period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is clear that Mr. Courville could not have discovered the factual basis for his claim challenging the execution of his sentence at the time his conviction became final. Therefore, the Court finds that the one-year limitation period did not commence when Mr. Courville's conviction became final.

Mr. Courville does not allege when he knew or could have discovered the factual basis for his claim in this action. However, he obviously was aware of the factual basis for his claim no later than April 15, 2008, when he filed his first motion in the Larimer County District Court claiming he was entitled to be released pursuant to the terms of his plea agreement. Therefore, although Mr. Courville may have been able to discover the factual basis for his claim prior to filing the April 15, 2008, motion, the Court will assume the one-year limitation period did not commence until April 15, 2008.

For the purposes of this discussion, the Court also will assume that the April 15, 2008, motion was a properly filed application for postconviction or other collateral

review under 28 U.S.C. § 2244(d)(2). As a result, the one-year limitation period was tolled while the April 15, 2008, motion was pending. As noted above, Mr. Courville's April 15, 2008, motion was denied on September 18, 2008. However, the term "pending" in § 2244(d)(2) includes the time during which an appeal could have been taken. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, because Mr. Courville had forty-five days to file a notice of appeal after entry of the September 18, 2008, order, *see* C.A.R. 4(b), the one-year limitation period was tolled until November 3, 2008, when the time for filing a notice of appeal expired.[1] The one-year limitation period then ran uninterrupted until it expired on November 3, 2009. Because Mr. Courville did not file his February 19, 2010, postconviction motion until after the one-year limitation period already had expired, that motion did not toll the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial

---

[1] The forty-fifth day after September 18, 2008, was Sunday, November 2, 2008. Therefore, the filing deadline extended until Monday, November 3, 2008. *See* C.A.R. 26(a).

6

remedies but files a defective pleading within the statutory period. See *Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. See *id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Courville fails to allege any facts that might justify equitable tolling of the one-year limitation period and he fails to demonstrate that he has pursued his claims diligently. Therefore, the Court finds that equitable tolling is not appropriate and the action will be dismissed as barred by the one-year limitation period.

The Court next will address the alternative argument raised in the Preliminary Response that Mr. Courville's claim is unexhausted and procedurally barred. Mr. Courville must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court finds that Mr. Courville's claim is unexhausted for two reasons. First, Mr. Courville did not present his claim to the state courts as a federal constitutional claim in either of the two relevant postconviction motions. (*See* Prelim. Resp. at Ex. B, pp.2-3 & Ex. D, pp.2-3.) In addition, even if the state court motions could be construed as asserting a federal constitutional claim, that claim is not exhausted because Mr. Courville did not appeal from the denial of either postconviction motion. As a result, he did not fairly present his claim to the state appellate courts.

Although Mr. Courville failed to exhaust state remedies, the Court may not dismiss the action for failure to exhaust if Mr. Courville no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Court agrees that Mr. Courville no longer has an adequate and effective state remedy

available to him because the time for appealing from the denial of his state court postconviction motions has passed. *See* C.A.R. 4(b). Furthermore, any attempt to raise the same claim as a federal constitutional claim in a new postconviction motion would be dismissed as successive. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Courville's claim in this action is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Courville's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Courville must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective

factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Courville fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claim will result in a fundamental miscarriage of justice. As a result, the action also will be dismissed as procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period and as procedurally barred.

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __21st__ day of __June__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00802-BNB

Keith D. Courville
Prisoner No. 71380
SNMCF
P.O. Box 639
Las Cruces, NM 88004

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk